UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DALLAS BLAKE JOHNSON,<br><br>  Petitioner,<br>v.<br>WARDEN, USP VICTORVILLE,<br><br>  Respondent. | No. 5:25-cv-3064-AH-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

This Order concerns a federal habeas petition. Petitioner Dallas Blake Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF 1 ("Petition").) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court—rules that apply to the Petition in this Court—the Court must review the Petition before ordering a response. *See* Rule 1(b), Rules Governing Section 2254 Cases (a district court may "apply any or all of these rules" to any habeas petition); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4). If it "plainly appears" from that initial

1  review that Petitioner is not entitled to relief, the Court must dismiss the
2  Petition.

3  Here, Petitioner claims that the Bureau of Prisons has violated his
4  statutory right under the First Step Act to be placed within 500 miles of his
5  home address. (Petition at 1.) It appears, however, that the Petition must be
6  denied for three reasons.

7  First, this Court lacks authority to review a BOP's individualized housing
8  decision under this provision. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any
9  other provision of law, a designation of a place of imprisonment under this
10 subsection is not reviewable by any court."); *Brown v. Ives*, 543 F. App'x 636,
11 637 (9th Cir. 2013) ("Insofar as [petitioner] is challenging the BOP's
12 individualized determination concerning his placement, the district court
13 properly concluded that it lacked jurisdiction over the petition."). It appears that
14 the Petition is subject to dismissal under that provision, because it appears that
15 the claim in the Petition challenges the BOP's individualized housing decision
16 in his case.

17 Second, the First Step Act requires that the BOP place individuals within
18 500 driving miles of their home address, subject to a host of considerations,
19 including bed availability, security designation, programmatic needs, mental
20 and medical health needs, recommendations of the sentencing court, and
21 security concerns. 18 U.S.C. § 3621(b). Petitioner has alleged that he has been
22 placed more than 500 miles from his home address but has not alleged that the
23 BOP violated the statute, which requires consideration of more than simply the
24 distance from the prison to one's home address.

25 Finally, Petitioner does not indicate that he has exhausted this claim
26 administratively using the BOP grievance system. Exhaustion in a § 2241
27 petition is not mandatory or jurisdictional; it can be excused under certain
28

circumstances. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Those circumstances include where exhaustion would be futile because the agency would be bound by official policy to deny the claim, or where irreparable injury may occur without immediate judicial relief. *Id.*; *see also Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (noting that the circumstances in which exhaustion can be waived include "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void"). But Petitioner has not offered any reason to think that any of those exceptions apply here, or that he has any other good reason for not exhausting his claim. And in cases involving difficult factual questions—like the basis for a designation decision—exhaustion is all the more important. *See Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (noting that the exhaustion requirement facilitates judicial review through development of a factual record).

Petitioner is therefore **ordered** to show cause (meaning explain in writing) why the Court should not recommend dismissal of the Petition. **No later than January 9, 2026,** Petitioner shall respond, in writing, to this Order. In his response, Petitioner must set forth his arguments, if any, as to why his Petition should not be dismissed for the reasons stated in this Order.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending to the District Judge that this case be dismissed for failure to prosecute and to follow court orders.**

DATED: December 9, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE